UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Tim Dahar,<br><br>              Plaintiff<br><br>v.<br><br>Pennymac Loan Services, LLC,<br><br>              Defendant | Case No.: 2:23-cv-01020-CDS-MDC<br><br>**Order Granting Defendant's Motion to Dismiss and Motion to Strike, and Denying Motion to Seal**<br><br>[ECF Nos. 7, 11, 15] |

      Pro se plaintiff Tim Dahar brings this lawsuit following a non-judicial foreclosure on his property. ECF No. 1-1. Defendant Pennymac Loan Services, LLC moves to dismiss the complaint (ECF No. 7) arguing that Dahar has failed to state a claim. Pennymac also moves to seal an exhibit accompanying its reply (ECF No. 11), and to strike Dahar's surreply (ECF No. 15). For the reasons set forth below, I grant Pennymac's motion to dismiss and motion to strike, and deny its motion to seal.

I.     Background

      In April 2015, Dahar refinanced the real property located at 4540 San Rafael Ave in Las Vegas, Nevada with All Western Mortgage, Inc. Deed of Trust, Def.'s Ex. A, ECF No. 8-1 at 3. In February 2019, the deed of trust was assigned to Pennymac. Assignment of Deed of Trust, Def.'s Ex. B, ECF No. 8-1 at 13. Dahar disputes the transfer of the loan to Pennymac, and the monthly escrow amounts determined by Pennymac beginning in November of 2021. ECF No. 1-1 at 5, 7–8. Pennymac asserts that Dahar's loan was referred to foreclosure in November of 2022. Def.'s Ex. A; ECF No. 12-1 at 2. Dahar seeks to stop the non-judicial foreclosure. On May 22, 2023, Dahar initiated this action in the Eighth Judicial District Court for Clark County, Nevada. ECF No. 1-1. Pennymac removed his action to this court on June 30, 2023. ECF No. 1. Pennymac now moves to dismiss this suit for failure to state a claim on which relief may be granted, or alternatively, for

failure to comply with Federal Rule of Civil Procedure 8(a). Mot. to Dismiss, ECF No. 7. For the reasons discussed below, the motion to dismiss is granted.

## II.	Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.

Accordingly, Fed. R. Civ. P. 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Fed. R. Civ. P. 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

### III. Discussion

#### A. Pennymac's motion to dismiss is granted.

Dahar's complaint does not explicitly enumerate the causes of action. Liberally construing it, it appears that the complaint alleges violations of the (1) Fair Debt Collection Practices Act (FDCPA); (2) Real Estate Settlement Procedures Act (RESPA); (3) Consumer Credit Protection Act (CCPA); (4) a number of state laws; and (5) Nevada Homeowner Bill of Rights (NHBR). Compl., ECF No. 1-1. Pennymac moves to dismiss the complaint, arguing that the FDCPA claim should be dismissed because it fails as a matter of law as non-judicial foreclosure by a loan servicer does not constitute debt collection. ECF No. 7 at 5. Pennymac asserts that the RESPA claim should be dismissed because there is no private right of action for that regulation. *Id.* at 6–7. Lastly, Pennymac contends that Dahar fails to state a claim of any "material violation" under NHBR. *Id.* at 7.

##### *1. Dahar's Fair Debt Collection Practices Act (FDCPA) claims are dismissed without prejudice and with leave to amend.*

Dahar alleges that Pennymac violated provisions of the FDCPA by acting as a debt collector. ECF No. 1-1 at 4. Pennymac counters that enforcement of a security interest through non-judicial foreclosure does not constitute debt collection subject to most provisions of the FDCPA. ECF No. 7 at 5. I agree.

Congress passed the FDCPA "to eliminate abusive debt collection practices by debt collectors" while ensuring that "those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). The FDCPA requires and prohibits certain activities by "debt collectors" that are done "in connection with the collection of any debt." 15 U.S.C. §§ 1692c (prohibiting certain communications), 1692d (prohibiting harassment or abuse), 1692e (prohibiting false or misleading representations), 1692f (prohibiting unfair practices), 1692g (requiring validation of debts). However, a business engaged in no more than the kind of security interest enforcement at issue in nonjudicial

foreclosure proceedings falls outside of the purview of the FDCPA, except for the limited purpose of §1692f(6). *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1031 (2019); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017); *see also Gillespie v. Countrywide Bank FSB*, 2011 WL 3652603 at *2 (D. Nev. Aug. 19, 2011) (stating without elaboration that "activities undertaken in connection with a nonjudicial foreclosure do not constitute debt collection under the FDCPA."). Section 1692f(6) prohibits taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (1) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (2) there is no present intention to take possession of the property; or (3) the property is exempt by law from such dispossession or disablement. 15 U.S.C. §1692f(6).

   Dahar's complaint, however, does not allege a violation of this specific provision. Nor does his complaint allege facts which, liberally construed, would plausibly assert any of the three above-referenced prohibitions under Section 1692f(6). While Dahar complains that "[he] had never heard of [Pennymac Loan Services LLC]" until they started sending him billing statements (ECF No. 1-1 at 5), he does not allege that Pennymac had no enforceable security interest under Nevada law; nor does he allege that Pennymac had no intention to take possession of the property (the opposite), nor that his property was exempt from dispossession or disablement under law. *See generally id.* These are insufficient. But because it is unclear if the deficiencies can be cured by amending the complaint, I dismiss his FDCPA claim without prejudice and with leave to amend.

      2. *Dahar's Real Estate Settlement Procedures Act (RESPA) claims are dismissed without prejudice and with leave to amend.*

   Dahar alleges that he did not consent to Pennymac servicing his loan. He further asserts that he was overbilled due to Pennymac's accounting errors. Resp., ECF No. 9 at 9–10. Pennymac argues that there is no private right of action for the provisions of RESPA that Dahar cites and even if there is, he does not allege a viable claim. Reply, ECF No. 10 at 3. Dahar lists the

following RESPA provisions in his complaint: 12 CFR § 1024.17, 12 CFR § 1024.35, 12 CFR § 1024.35A, 12 CFR § 1024.35B, 12 CFR § 1024.35H, 12 CFR § 1024.38A, 12 CFR § 1024.38B. ECF No. 1-1 at 4.

"A plaintiff may only bring a cause of action to enforce a federal law if the law provides a private right of action." *Nisqually Indian Tribe v. Gregoire*, 623 F.3d 923, 929 (9th Cir. 2010). There is no private right of action for 12 C.F.R. § 1024.17 or 12 C.F.R. § 1024.38. *See, e.g., Herman v. Mr. Cooper Grp. Inc.*, 2023 U.S. Dist. LEXIS 188891, at *5–6 (S.D.N.Y. Oct. 19, 2023) ("[No] private right of action exists under Section 2609 of RESPA or its implementing regulation, 12 C.F.R. § 1024.17.") (citing *Dolan v. Fairbanks Cap. Corp.*, 930 F. Supp. 2d 396, 418 (E.D.N.Y. 2013) (collecting cases)); *In re Wells Fargo Forbearance Litig.*, 2023 U.S. Dist. LEXIS 76443, at *16 (N.D. Cal. May 2, 2023) (dismissing claim under 12 C.F.R. § 1024.38 with prejudice because no private right of action). Consequently, these claims are thus dismissed with prejudice.

But courts are split on whether there is a private right of action under 12 CFR § 1024.35. *Compare Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1007 (11th Cir. 2016) ("If the servicer fails to respond adequately to the borrower's notice of error, then the borrower has a private right of action to sue the servicer under RESPA."), *and Sutton v. CitiMortgage, Inc.*, 228 F. Supp. 3d 254, 271 (S.D.N.Y. 2017) (assuming for the sake of the motion at issue that a private right of action under 12 C.F.R. § 1024.35 exists), *with Watts v. Mortg. Bridge Sols., LLC*, 2016 WL 8188768, at *6 (E.D. Mich. Dec. 7, 2016) ("Under Regulation X, a borrower is only permitted a private cause of action for a violation under § 1024.41, which specifically provides that '[a] borrower may enforce the provisions of this section….'"), *adopted by*, 2017 WL 438745 (E.D. Mich. Feb. 1, 2017), *and Miller v. HSBC Bank U.S.A., N.A.*, 2015 WL 585589, at *11 (S.D.N.Y. Feb. 11, 2015) (holding that § 1024.35 "does not provide a private right of action"), *and Willson v. Bank of Am., N.A.*, 2016 WL 8793204, at *8 (S.D. Fla. May 2, 2016) (noting same).

5

Accordingly, I make no determination at this point as to whether 12 CFR § 1024.35 contains a private right of action because Dahar's complaint fails to state any actionable claim under any articulated provision of RESPA sufficient to give either the court or defendant fair notice of the basis of the claim(s) upon which Dahar seeks relief. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."); *see also* Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain: . . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). Instead, I dismiss Dahar's 12 CFR § 1024.35 claim under Fed. R. Civ. P. 8(a) without prejudice and with leave to amend. If Dahar wishes to amend his complaint to bring any future alleged violations of RESPA, he must state the specific RESPA provision or provisions, containing a private right of action, and accompany that provision with factual allegations which plausibly state the basis for the relief he seeks.

### 3. *Dahar's Consumer Credit Protection Act (CCPA) claim is dismissed without prejudice and with leave to amend.*

Alleged within the section entitled "Jurisdiction and Venue," are violations of the "Consumer Credit Protection Act chapter 4 sec. 161 and title VI sec. 602." ECF No. 1-1 at 4. However, Dahar merely cites the CCPA and does not provide any further allegations as to why he has a cause of action under the CCPA. In order to proceed, Dahar must establish that Pennymac did not have a permissible purpose for requesting his credit report. Here, Dahar fails to state any factual allegations supporting a CCPA claim. Accordingly, these claims are dismissed without prejudice under 12(b)(6) and with leave to amend for failing to state a claim upon which relief can be granted.

          4. *Dahar's* state law and Nevada Homeowner Bill of Rights (NHBR) claims are dismissed without prejudice and with leave to amend.

Dahar makes several references to Nevada state law in his complaint, including the Nevada's Homeowner Bill of Rights, Nevada Revised Statutes (NRS) 107.400 et seq., several provisions to NRS Chapter 205. ECF No. 1-1 at 3–4. Liberally construed, his complaint may also assert a quiet title or wrongful foreclosure claim under Nevada law. *Id.* at 5–14. But Dahar does not articulate a claim for relief under any particular Nevada law—in part, because he fails to specifically allege facts particular to any one specific provision or claim under Nevada law that might entitle him to relief. As a result, Dahar's state law claims are thus dismissed under Rule 8 and Rule 12(b)(6) for failure to state a claim. *Starr*, 652 F.3d at 1216 (A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."); *see also* Fed. R. Civ. P. 8, 12(b)(6). Because it is unclear if amendment can cure these pleading issues, I dismiss Dahar's state law claims without prejudice and with leave to amend. If Dahar wishes to amend his complaint to bring any future alleged violations of Nevada state law, he must state the specific statute provision(s) or law(s) under which he states a claim, and accompany that provision with factual allegations which plausibly state the basis for the relief he seeks.

IV. **Pennymac's motion to seal is denied.**

Pennymac seeks to seal an exhibit containing correspondence to Dahar and a breakdown of loan payments and account history that contains account balance information in connection with its motion to dismiss. ECF No. 12-1. Pennymac argues that the information within the exhibit is "confidential and protected[,]" and the sensitive nature of its contents outweighs the public interest in disclosure. ECF No. 11 at 3. Pennymac asserts that the public's interest in these records "does not promote the public's understanding of the judicial process[.]" *Id.* And further asserts that the information contained in the exhibit is designated nonpublic information under 15 U.S.C. § 6809(4)(A) and 12 C.F.R. §§ 1016.3(p)(1)(i); 1016.3(q)(2)(i). *Id.* at 2.

In the Ninth Circuit there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To overcome this presumption, a party must articulate "compelling reasons" justifying nondisclosure, such as use of the record to gratify spite, permit public scandal, circulate libelous statements, or release trade secrets. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* The public interest in full disclosure of documents is grounded upon "ensuring the 'public's understanding of the judicial process and of significant public events.'" *Id.* (citations omitted). The court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for improper purposes. *Id.*; *Nixon v. Warner Comm'n, Inc.*, 435 U.S. 589, 598 (1978); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–34 (9th Cir. 1995).

Pennymac does not demonstrate compelling reasons to seal the exhibit by citing the Gramm-Leach Bliley Act. ECF No. 11 at 2. While Pennymac asserts that privacy interests outweigh the public's interest in accessing these documents (*see* ECF No. 15 at 3), "[s]imply invoking a blanket claim, such as privacy . . . will not, without more, suffice to exempt a document from the public's right of access." *Kamakana*, 447 F.3d. at 1185. Pennymac does not explain how these documents could "become a vehicle for improper purposes" or how the information within the exhibit will infringe on Dahar's privacy interests if publicly available. *See id.* at 1179, 1185. Indeed, Pennymac has already properly redacted the loan number on the exhibit it seeks to seal. ECF No. 12-1. Pennymac contends that, "[t]he content of the correspondence qualifies as [nonpublic information] if it includes personally identifiable financial information such as the original principal balance, the borrower's name, loan number, interest rate, and repayment terms." ECF No. 11 at 2. However, much of the information within the documents that Pennymac seeks to seal, such as the correspondence, the borrower's name, loan number, loan amount, and payment history have already been made public in Dahar's complaint, his

response to the motion to dismiss, and other filings. *See, e.g.*, ECF No. 1-1 at 12–5, 52–5; ECF No. 7 at 2; ECF No. 9 at 22–24. Moreover, the documents do not include any personal identifying information such as the borrower's social security number, date of birth, or financial account numbers. Accordingly, Pennymac's motion to file its exhibit under seal is denied.

V.  **Pennymac's motion to strike is granted.**

On August 9, 2023, Dahar filed a surreply to Pennymac's motion to dismiss without leave of the court. ECF No. 13. Pennymac filed a motion to strike the surreply, arguing that the filing does not comply with the local rules and has unfairly prejudiced it. *See generally* ECF No. 15.

A surreply is an additional reply brief filed by the non-moving party after the underlying motion has already been fully briefed. *Hammler v. Lyons*, 2023 WL 113764, at *1 (E.D. Cal. Jan. 5, 2023) (citations omitted). The Federal Rules of Civil Procedure do not expressly permit the filing of a surreply, and this district's local rules do not permit surreplies without first obtaining the court's leave. Instead, Local Rule 7-2(b) allows only for a motion, a response, and a reply. LR 7-2(b). That same rule explicitly states that **"[s]urreplies are not permitted without leave of court**; motions for leave to file a surreply are discouraged." *Id.* (emphasis added).

Because surreplies are discouraged, "[o]nly the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed." *Stevens v. Prentice*, 2018 WL 3758577, at *1 (D. Nev. Aug. 8, 2018) (citation omitted). I do not find any exceptional or extraordinary circumstances here that would warrant the filing of a surreply. Accordingly, Pennymac's motion to strike the surreply is granted. The court will not consider the surreply, nor the substantive responses contained in Pennymac's motion to strike.

VI.  **Conclusion**

IT IS THEREFORE ORDERED that Pennymac's motion to dismiss **[ECF No. 7] is GRANTED**. Dahar's FDCPA claims are dismissed without prejudice and with leave to amend, his RESPA claims are dismissed without prejudice and with leave to amend, and his state law claims are dismissed without prejudice and with leave to amend.

If Dahar chooses to file an amended complaint, he must do so no later than **February 23, 2024**. The amended complaint must be titled "First Amended Complaint" and must be complete in itself, meaning it cannot reference the previously filed complaint. The first amended complaint must comply with Federal Rule of Civil Procedure 8 and contain a short and plain statement describing the underlying facts sufficient to give defendant fair notice of the claims against it upon which Dahar seeks relief. If Dahar does not file an amended complaint by that date, this action will be dismissed without prejudice for failure to state a claim.

IT IS FURTHER ORDERED that Pennymac's motion to seal **[ECF No. 11] is DENIED**. The Clerk of Court is kindly instructed to unseal exhibit A, ECF No. 12.

IT IS FURTHER ORDERED that Pennymac's motion to strike Dahar's surreply **[ECF No. 15] is GRANTED.** The Clerk of Court is directed to strike Dahar's surreply (ECF No. 13) from the docket.

Dated: February 1, 2024

_____
Cristina D. Silva
United States District Judge