UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Tim Dahar,<br><br>             Plaintiff<br><br>v.<br><br>Pennymac Loan Services, LLC,<br><br>             Defendant | Case No.: 2:23-cv-01020-CDS-MDC<br><br>**Order Granting Defendant's Motion to Strike the Second Amended Complaint and Motion to Stay and Denying as Moot Defendant's Motion to Dismiss the Second Amended Complaint and Plaintiff's Motion to Deny the Motion to Strike and Denying without Prejudice Plaintiff's Motion to Correct the First Amended Complaint**<br><br>[ECF Nos. 33, 37, 38, 43, 44, 49] |

      Pro se plaintiff Tim Dahar brings this lawsuit following a non-judicial foreclosure on his property. ECF No. 1-1. In February 2024, the court granted defendant Pennymac Loan Services, LLC's motion to dismiss and dismissed the complaint without prejudice. Order, ECF No. 25. Dahar timely filed an amended complaint. First Am. Compl. (FAC), ECF No. 26. Without leave of court, Dahar then filed a revised/corrected amended complaint in April. Second Am. Compl. (SAC), ECF No. 31. Pennymac now moves to dismiss the FAC (ECF No. 32) and to strike the SAC (ECF No. 37). Pennymac also moves to dismiss the SAC (ECF No. 38) and to stay discovery pending the resolution of the motions to dismiss (ECF No. 33). Dahar filed three "motions" in response: a motion to deny Pennymac's motion to dismiss (ECF No. 42); a motion to deny the motion to strike the SAC (ECF No. 43); and a motion for leave to correct the FAC (ECF No. 44).[1] In June 2024, also without leave of court, Dahar filed a third amended complaint (TAC). ECF No. 45.

      For the reasons set forth below, I grant Pennymac's motion to strike the SAC (ECF No. 43) and deny as moot Pennymac's motion to dismiss the SAC (ECF No. 38) and Dahar's motion to deny the motion to strike the SAC (ECF No. 43). I further grant Pennymac's motion to stay

---

[1] All three of these "motions" filed by Dahar are identical.

(ECF No. 33) and deny without prejudice Dahar's motion to correct the FAC (ECF No. 44). As outlined below, I instruct the parties to attend a settlement conference.

## I. Background

In April 2015, Dahar refinanced the real property located at 4540 San Rafael Ave in Las Vegas, Nevada with All Western Mortgage, Inc. Deed of Trust, Def.'s Ex. A, ECF No. 32-1. In February 2019, the deed of trust was assigned to Pennymac. Assignment of Deed of Trust, Def.'s Ex. C, ECF No. 32-3. Dahar disputes the transfer of the loan to Pennymac, and the monthly escrow amounts determined by Pennymac beginning in November of 2021. FAC, ECF No. 26 at 10–17. Pennymac asserts that Dahar's loan was referred to foreclosure in November of 2022. 3/17/23 Letter, Def.'s Ex. H, ECF No. 32-8. Dahar seeks to stop the non-judicial foreclosure. On May 22, 2023, Dahar initiated this action in the Eighth Judicial District Court for Clark County, Nevada (ECF No. 1-1), which Pennymac removed to this court in June 2023 (ECF No. 1).

## II. Discussion

### A. Pennymac's motion to strike the SAC is granted.

Pennymac moves to strike Dahar's SAC pursuant to Federal Rule of Civil Procedure 12(f) and this court's inherent authority to manage its docket. ECF No. 37. It argues that the SAC should be stricken because Dahar did not have the right to amend a second time as a matter of course and had failed to seek either court approval or Pennymac's consent prior to filing. *See generally id.* I agree.

The court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter" either sua sponte or on a motion made by the other party before it responds to the pleading. Fed. R. Civ. P. 12(f). The court also has inherent authority to manage its docket and discretion to strike improper documents from the record. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015) ("Motions to strike under the inherent power, as with Rule 12(f) motions, are wholly discretionary."). Local Rule (LR) 15-1 requires that "[u]nless the

court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." LR 15-1.

Dahar was given leave to amend after the court granted dismissal of his complaint. ECF No. 25. He timely filed an amended complaint. FAC, ECF No. 26. However, Dahar then proceeded to file a second amended complaint (SAC, ECF No. 31) without moving to seek leave of court (or permission from Pennymac) in violation of LR 15-1. Because Dahar did not have the right to amend as a matter of course under Rule 15(a)(1), nor seek leave as required by Rule 15(A)(2) and LR 15-1, I grant Pennymac's motion to strike the SAC from the record. For the same reason, I sua sponte strike the TAC. Dahar is reminded that, even as a pro se litigant, he is still required to comply with the federal and local rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Dahar is instructed at this time not to file any more amended complaints without first filing a motion with the court.

### B. Pennymac's motion to stay is granted.

Pennymac moves to stay discovery pending the court's ruling on the motion to dismiss the FAC. ECF No. 33. A federal court has the inherent power to stay proceedings in its own court. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stating that district courts have "wide discretion in controlling discovery"). Under my inherent authority to manage my docket and in the interest of efficiency, I grant Pennymac's motion to stay the case pending the parties' settlement discussions. In the event settlement negotiations are unsuccessful, the stay will be lifted.

### III.   Conclusion

IT IS THEREFORE ORDERED that Pennymac's motion to strike the SAC **[ECF No. 37] is GRANTED**. The Clerk of Court is kindly directed to strike ECF No. 31 and ECF No. 45.

IT IS FURTHER ORDERED that Pennymac's motion to dismiss the SAC **[ECF No. 38] is DENIED as moot**.

IT IS FURTHER ORDERED that Dahar's motion to deny the motion to strike the SAC [ECF No. 43] **is DENIED as moot** and Dahar's motion to correct the FAC [ECF No. 44] is **DENIED without prejudice**.

IT IS FURTHER ORDERED that Pennymac's motion to stay the case [ECF No. 33] is **GRANTED**. The case will be stayed pending the parties' settlement negotiations. This includes a stay of any pending motion practice deadlines, including the deadlines set forth in ECF No. 47. As such, the parties' fifth request for an extension of deadlines [ECF No. 49] **is DENIED as moot**.

IT IS FURTHER ORDERED that this matter is referred to the magistrate judge for a settlement conference. LR 16-5. If the settlement efforts are unsuccessful, the stay will be lifted and the court will consider at that juncture whether to permit Dahar to file a new amended complaint with leave of court. If it so allows, the court will accordingly also permit Pennymac to file any updated motion to dismiss.

Dated: June 25, 2024

_____
Cristina D. Silva
United States District Judge