UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Tim Dahar, | Case No. 2:23-cv-01020-CDS-NJK |
| Plaintiff | **Order Denying Plaintiff's Motion to Amend and Granting Defendant Pennymac's Motion to Dismiss** |
| v. | |
| Pennymac Loan Services, LLC, et al., | [ECF Nos. 32, 42, 44] |
| Defendants | |

    Pro se plaintiff Tim Dahar brings this lawsuit following a non-judicial foreclosure on his property. First am. compl., ECF No. 26. Defendant Pennymac Loan Services, LLC moves to dismiss the first amended complaint (FAC) arguing that Dahar has failed to state a claim. Mot. to dismiss, ECF No. 32. Rather than following standard motion-response procedure, Dahar filed a "motion to deny motion to dismiss" which I will construe as a response to Pennymac's motion. ECF No. 42. For the reasons set forth below, I grant Pennymac's motion to dismiss. Dahar separately filed a motion to correct his first amended complaint. ECF No. 44. I deny this motion.

I.     Background

    In April 2015, Dahar refinanced the real property located at 4540 San Rafael Ave in Las Vegas, Nevada with All Western Mortgage, Inc. Deed of Trust, Def.'s Ex. A, ECF No. 8-1 at 3. In February 2019, the deed of trust was assigned to Pennymac. Assignment of Deed of Trust, Def.'s Ex. B, ECF No. 8-1 at 13. Dahar disputes the transfer of the loan to Pennymac, and the monthly escrow amounts determined by Pennymac that started in November of 2021. ECF No. 1-1 at 5, 7–8. Pennymac asserts that Dahar's loan was referred to foreclosure in November of 2022. Def.'s Ex. A; ECF No. 12-1 at 2. Dahar seeks to stop the non-judicial foreclosure. On May 22, 2023, Dahar initiated this action in the Eighth Judicial District Court for Clark County, Nevada. ECF No. 1-1. Pennymac removed his action to this court on June 30, 2023. ECF No. 1. Following a motion

from PennyMac, I dismissed Dahar's initial complaint without prejudice, ECF No. 25. Dahar filed his FAC shortly thereafter. ECF No. 26.

Pennymac again moved to dismiss this suit for failure to state a claim on which relief may be granted, or alternatively, for failure to comply with Federal Rule of Civil Procedure 8(a). ECF No. 32. Dahar responded with a motion to deny Pennymac's motion, ECF No. 42, and separately moved to correct his FAC, ECF No. 44. I denied the motion to correct without prejudice, stayed the pending motions, and referred this case to Magistrate Judge Maximiliano D. Couvillier, III in anticipation of a settlement conference. ECF No. 50. In my order, I stated that "[i]f the settlement efforts are unsuccessful, the stay will be lifted and the court will consider at that juncture whether to permit Dahar to file a new amended complaint with leave of court. If it so allows, the court will accordingly also permit Pennymac to file any updated motion to dismiss." *Id.* at 4. Settlement negotiations were unsuccessful (ECF No. 55) so the stay is lifted, necessitating resolution of the pending motion.

**II.    Legal standards**

   **A. Motion to dismiss**

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.

Accordingly, Fed. R. Civ. P. 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Fed. R. Civ. P. 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

**B. Motion to amend**

Under Rule 15(a), "court[s] should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a). "Several factors govern the propriety of a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (citation omitted). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

**III.    Discussion**

**A. Pennymac's motion to dismiss is granted.**

Dahar's FAC is interlaced with a series of causes of action and citations to statutes and regulations that, interpreted liberally, allege violations of (1) the Fair Debt Collection Practices Act (FDCPA); (2) Nevada Revised Statutes (NRS); (3) the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (TILA), citing to 15 U.S.C. § 1641; (4) the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692 et seq. (FDCPA) and one provision from its implementing regulations, 12 C.F.R. § 1006.18; (5) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 (RESPA) and two provisions from the implementing regulation, 12 C.F.R. §§ 1024.35, 1024.41[1]; and (6) the Code of Massachusetts Regulations, 209 C.M.R. 18.24. FAC, ECF No. 26. Pennymac argues that Dahar does not state an adequate claim for relief under any of these statutes or regulations under both Rule 12 and Rule 8 of the Federal Rules of Civil Procedure. ECF No. 32 at 3–5.

### 1. *Dahar does not adequately state a claim for relief under state law.*

Dahar's citation to the Nevada Revised Statutes, without more, fails to state a claim upon which relief can be granted. In his original complaint, Dahar cited to Nevada's Homeowner Bill of Rights, NRS 107.400 et seq., and several provisions to NRS Chapter 205. ECF No. 1-1 at 3–4. Nonetheless, this court found that Dahar did "not articulate a claim for relief under any particular Nevada law—in part, because he fails to specifically allege facts particular to any one specific provision or claim under Nevada law that might entitle him to relief." Dismissal order, ECF No. 25 at 7. Here, not only does Dahar again fail to provide facts particular to any provision or claim under Nevada law, but he also fails to cite the Nevada laws under which he seeks relief. Therefore, Dahar's claims, to the extent he still makes them, under Nevada law are dismissed. Additionally, Massachusetts law is inapplicable to this case so the court does not consider it in resolving the motion to dismiss. *See, e.g.*, *Cruz v. Int'l Collection Corp.*, 2009 U.S. Dist. LEXIS 91503, at *9–10 (N.D. Cal. Sept. 29, 2009) ("Because the debt that is the subject of this action was incurred at Harrah's Casino in Reno, Nevada, that state's laws apply."). Therefore, Dahar's state law claims are dismissed.

### 2. *Dahar does not adequately state a claim for relief under TILA, the Dodd-Frank Act, and the FDCPA.*

Dahar quotes from 15 U.S.C. § 1641(d)(2), part of Truth In Lending Act (TILA), which discusses the limitation on damages under the act. ECF No. 26 at 4, 5. He does not describe

---

[1] Section 1024.35 of Regulation X concerns error resolution procedures; section 1024.41 addresses loss mitigation.

further what his claim under TILA might be and provides no facts specifically supporting such a claim. This is insufficient to support a plausible claim under TILA and therefore this claim is dismissed. Similarly, Dahar mentions the Dodd-Frank Act only once, stating: "Dodd-frank act violations that cause or is [sic] likely to cause substantial injury to the consumer." *Id.* at 7. This claim, without any additional facts or explanation, is insufficient to support any claim under the Dodd-Frank Act and therefore this claim, to the extent that it is a claim, is dismissed.

As for Dahar's FDCPA claim, he once again insists that Pennymac violated provisions of the FDCPA by acting as a debt collector. *Id.* at 2–3, 8–9. As this court explained in its order dismissing Dahar's original complaint, "a business engaged in no more than the kind of security interest enforcement at issue in nonjudicial foreclosure proceedings falls outside of the purview of the FDCPA, except for the limited purpose of § 1692f(6)." ECF No. 25 at 3–4. Section 1692f(6) prohibits taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (1) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (2) there is no present intention to take possession of the property; or (3) the property is exempt by law from such dispossession or disablement. 15 U.S.C. § 1692f(6).

Like before, Dahar's complaint does not allege a violation of this specific provision. Nor does his complaint allege facts which, liberally construed, would plausibly assert any of the three above-referenced prohibitions under Section 1692f(6). He "questions the standing of Pennymac being entitled to commence foreclosure proceedings" but does not allege Pennymac has no right to possession and does not raise issues related to either of the other elements under 15 U.S.C. §1692f(6). ECF No. 26 at 8. Therefore, Dahar's claim under the FDCPA is dismissed.

### 3. *Dahar does not adequately state a claim for relief under the Real Estate Settlement Procedures Act (RESPA).*

Pennymac argues that Dahar fails to state a claim for relief under 12 C.F.R. § 1024.35, which addresses error resolution procedures or 12 U.S.C. § 2605(e), which describes the duty of

a loan servicer to respond to borrower inquiries. ECF No. 32 at 6. Specifically, it asserts that it responded to Dahar's written request as required by law and 12 C.F.R. § 1024.35 does not include a private right of action. *Id.* at 7–16. Pennymac separately argues that Dahar also fails to state a claim based on 12 C.F.R. § 1024.41 of Regulation X, which allows "[a] borrower [to] enforce the provisions [thereof] pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))." *Id.* at 6. It also contends that all of Dahar's RESPA claims fail because he does not plausibly allege any actual damages. *Id.* at 6–7.

### a. *Dahar does not adequately state a claim under 12 C.F.R. § 1024.35 or 12 U.S.C. § 2605.*

Construed liberally, Dahar's claim arises out of a response he received to a letter he sent to Pennymac around March 9, 2023. ECF No. 9 at 15–26. Dahar's letter detailed the same events that he bases his current claims upon. *Id.* at 15–21. The responsive letter from Pennymac was dated March 17, 2023. *Id.* at 22. Under § 1024.35, Pennymac was required to respond within five days and either correct the errors identified by the borrower or conduct a "reasonable investigation" and provide the borrower with written documentation that (1) the servicer has determined that no error occurred; (2) a statement of the reason or reasons for this determination; (3) a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination; (4) information regarding how the borrower can request such documents; and (5) contact information, including a telephone number, for further assistance. 12 C.F.R. § 1024.35(d)–(e). Although the responsive letter was sent more than five days after its alleged receipt on March 9, 2023, Dahar does not challenge this fact. ECF No. 9 at 22. Instead, Dahar argues that Pennymac "failed to correct the error which was quite clearly stated in the error notice: escrow overbilling of county tax" and "did not demonstrate/state 'after investigation no error was found' also 'did not provide a detailed explanation as to how this was determined.'" ECF No. 26 at 3 (cleaned up).

Pennymac argues that Dahar's claim under 12 C.F.R. § 1024.35 is untenable because the regulation does not provide a private right of action. However, I refrain from deciding whether a private right of action exists because Dahar does not adequately plead damages as a result of the alleged 12 C.F.R. § 1024.35 violation. I need not make a determination as to whether § 1024.35 provides a private right of action in this litigation. Even assuming there is a private right of action under the regulation, Dahar fails to plead the damages required to survive Pennymac's motion to dismiss.[2] "Damages are an essential element in pleading a RESPA claim." *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016) (citing *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 523 (10th Cir. 2013); *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 510–11 (8th Cir. 2012)). By the time this exchange of letters occurred, Dahar's account had been in default for multiple months. Dahar has never disputed that his loan is now delinquent, insisting only that Pennymac erroneously overcharged him for escrow, and he refuses to pay what he calculates to be the overcharge. *See generally* ECF No. 26. Further, Dahar does not allege that property has been foreclosed. *See generally id.*

> Rather Dahar seeks, in the way of damages,
> 
> maximum punitive damages as well as pain and suffering damages for the mental, emotional, and physical injuries be awarded in this case as Pennymacs actions will cause irreparable injury or endangerment to the Plaintiff. And to prevent these horrible action [sic] to happen to myself in the future and others. Being forced to endure this kind of injury.

ECF No. 26 at 9. Because these letters were sent months after the alleged overcharging and foreclosure has yet to occur, Dahar has not linked any of these damages allegations to any harms that arose as a result of Pennymac's alleged failure to sufficiently explain why it did not correct the errors in its responsive letter. By not sufficiently pleading damages, even assuming for argument's sake that § 1024.35 provides a right of action, Dahar cannot sustain his § 1024.35 RESPA claim. Therefore, the § 1024.35 RESPA claim is dismissed.

---

[2] Although the content of the letters was not considered for purposes of this motion to dismiss, the court notes that Pennymac's responsive letter, attached in ECF No. 9, appears to satisfy the requirements of 12 C.F.R. § 1024.35(e).

Unlike § 1024.35, 12 U.S.C. § 2605 unquestionably provides a private right of action for borrowers to recover from a servicer that fails to adequately respond to a qualified written request under § 2605(e). 12 U.S.C. § 2605(f) (authorizing damages for "the case of an action by an individual"); *Dominguez v. Wallick & Volk Inc.*, 2024 WL 4695831, at *11 (D. Ariz. Oct. 9, 2024) ("Section 2605 provides a private right of action."); *see also Lage v. Ocwen Loan Servicing*, 839 F.3d 1003, 1007 (11th Cir. 2016) (noting that "[i]f the servicer fails to respond adequately to the borrower's notice of error, the borrower has a private right of action to sue the servicer under RESPA" and citing 12 U.S.C. § 2605(e)(2), (f)).

Section 2605(e)(2) of RESPA requires a loan servicer to investigate and respond to a "qualified written request" from a borrower and, if applicable, make any appropriate corrections to the account. *See Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1257 (D. Nev. 2016), *amended in part*, 2016 WL 11722898 (D. Nev. Nov. 1, 2016) (discussing § 2605(e)). A qualified written request is a written communication that includes or enables the servicer to identify "the name and account of the borrower" and includes "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(i)–(ii). If a servicer fails to adequately respond within the statutorily specified time, a borrower may sue to recover actual damages, reasonable costs, and attorney fees. *Id.* at § 2605(f). A borrower may also recover up to $1,000 in statutory damages if the servicer has engaged in a "pattern or practice of noncompliance." *Id.* However, the borrower must also establish a causal link between any actual damages they allege and the servicer's failure to comply with RESPA. *See, e.g., Durland v. Fieldstone Mortg. Co.*, 2011 WL 805924, at *3 (S.D. Cal. Mar. 1, 2011) (citing *Copeland v. Lehman Bros. Bank*, 2011 WL 9503, at *3 (S.D. Cal. Jan.3, 2011) and *Kariguddaiah v. Wells Fargo Bank, N.A.*, 2010 WL 2650492, at *6 (N.D. Cal. July 1, 2010).

Although Dahar alleges actual damages here, he does not sufficiently link those damages to a violation of § 2605(e). As discussed with 12 C.F.R. § 1024.35, it is unnecessary to evaluate

any alleged failure by Pennymac to properly follow the laws regarding responses to written requests because Dahar's damages allegations of harm are not tethered to the written response but instead to Pennymac's alleged failure to correct errors. Consequently, the 12 U.S.C. § 2605 RESPA claim is dismissed.

### b. *Dahar does not adequately state a claim under 12 C.F.R. § 1024.41.*

12 CFR § 1024.41 deals with loss mitigation procedures, and unlike 12 C.F.R. § 1024.35, explicitly includes a cause of action. 12 C.F.R. § 1024.41(a) ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))."). Dahar's complaint alleges that Pennymac violated § 1024.41 by initiating foreclosure proceedings before his loan obligation had been delinquent for at least 120 days. ECF No. 26 at 7 (citing 12 C.F.R. § 1024.41 (b)(2)(ii) although ostensibly intending to reference 12 C.F.R. § 1024.41(f)). However, this argument is premised on Dahar's insistence that he was not in default, which is not supported by Dahar's own complaint. According to Dahar, starting in the summer of 2022, he "[c]ontinued receiving monthly billing statements with the amount of $1504.76 [and] continued to make regular payments in the amount of $995.10[.]" ECF No. 26 at 12. Despite his consistent and admitted refusal to pay the full charged amount starting in summer 2022, Pennymac did not notice the default until February 15, 2023, far more than 120 days after Dahar's loan obligations became delinquent. *See* notice of default, ECF No. 32-5 at 2. Therefore, from the record, there is no alleged violation of § 1024.41 and this claim is dismissed.

### B. Dahar's motion to amend is denied.

Dahar requests leave to amend his complaint for a second time[3] claiming that, among other things, he has additional documents; he has conducted a more accurate accounting; he discovered numerous errors after submission, including "paragraphs out of order," and "some

---

[3] Dahar requests to be "allowed to amend first complaint or alternatively to be allowed to submit a second amended complaint for the purposes of justice[.]" ECF No. 44 at 1. These are functionally the same—the way to alter a complaint is to file an amended version—and therefore I will refer to Dahar's motion to "amend" as his requesting relief to submit a second amended complaint.

content lost or missing." ECF No. 44 at 2–4. He insists that once he "gets the chance to present the true case to the court, [Dahar] will prevale [sic]." *Id.* at 2. Although a plaintiff is typically freely given leave to amend their complaint, the court need not grant leave to amend when it would be an exercise in futility. *See, e.g., Rutman Wine Co.*, 829 F.2d at 738 ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

Here, Dahar has already been provided an opportunity to amend his claims, and in his amended complaint, he once again raised numerous issues without any support, referenced exhibits that were not attached, and, by his own admission, "lost" some of his content. Additionally, nothing in his motion suggests that additional amendment will cure the current deficiencies his claims face that ultimately led to their previous dismissal. I do not believe that further amendment serves the interests of justice. Therefore, I deny Dahar's motion to amend and grant Pennymac's motion to dismiss with prejudice.

## IV. Conclusion

IT IS THEREFORE ORDERED that Pennymac's motion to dismiss [ECF No. 32] is **GRANTED**, therefore Dahar's FAC [ECF No. 26] **is dismissed with prejudice**.

IT IS FURTHER ORDERED that Dahar's motion to deny motion to dismiss [ECF No. **42**] and motion to amend [ECF No. 44] are DENIED.

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: December 4, 2024

_____
Cristina D. Silva
United States District Judge